**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-5163**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

CARLA GRIFFIN,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:07-cr-00173-FDW-4)

_____

Submitted:  January 31, 2011     Decided:  February 11, 2011

_____

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

_____

Dismissed in part; affirmed in part by unpublished per curiam opinion.

_____

Sandra J. Barrett, Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carla Griffin pled guilty, pursuant to a written plea agreement, to mortgage fraud conspiracy, 18 U.S.C. § 371 (2006), and was sentenced to a 60-month term of imprisonment and ordered to pay restitution in the amount of $2,787,499.91. She appeals, claiming that the district court erred in determining the amount of loss attributable to her for sentencing purposes and that the Government engaged in prosecutorial misconduct. The Government has moved to dismiss the appeal based on a waiver provision in Griffin's plea agreement. We affirm in part and dismiss in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). Generally, if the district court fully questions a defendant at his Fed. R. Crim. P. 11 proceeding regarding the waiver of his right to appeal, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). Whether a defendant validly waives his right to appeal is a question of law that we review de novo. Blick, 408 F.3d at 168.

After reviewing the record, we conclude that Griffin knowingly and voluntarily waived her right to appeal her conviction and sentence, retaining only her right to raise

2

claims based on prosecutorial misconduct or ineffective assistance of counsel.  We find that Griffin's challenges to the calculation of her sentence fall within the scope of the waiver and, therefore, we grant in part the Government's motion to dismiss.

In order to show prosecutorial misconduct, Griffin bears the burden of showing that the prosecutor's conduct was (1) improper and (2) prejudicially affected the defendant's substantial rights so as to deny the defendant a fair trial. United States v. Alerre, 430 F.3d 681, 689 (4th Cir. 2005).  Our review of the record discloses that the prosecutor's conduct was neither improper nor prejudicially affected Griffin's substantial rights.  Accordingly, we affirm.

Thus, we deny in part the Government's motion to dismiss and affirm Griffin's conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART

3